[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this unlawful termination action, defendant employee move to strike count three of the Revised Complaint alleging a violation of the Connecticut Unfair Trade Practice Act because the conduct involved was solely concerned with the employeremployee relationship. The allegations involved claim that plaintiffs employment was terminated because he spoke out on various occasions about-allegedly illegal collections activity by the defendant bank relating to bankrupt debtors.
In construing this CUTPA claim, there are numerous federal and state court decisions holding that the employment relationship is not within the scope of the definition of "trade or commerce" and, therefore, does not apply to disputes arising out of the employer-employee relationship, including a recent decision by our Supreme Court. United Components, Inc. v.Wdowiak, 239 Conn. 259, 264-65, (1996); CT Page 3930
In opposition to the motion to strike, the plaintiff argues that the conduct complained to have violated CUTPA "is not limited to the narrow confines of the employer-employee relationship . . . but rather, reaches the consumers and creditors who are injured by the defendant's illegal conduct" in violating federal bankruptcy law. However, this claim is not supported by the allegations contained in count three alleging the CUTPA violation. Nowhere in the complaint does the plaintiff allege that he is a creditor or consumer of the defendant, nor does he allege that he has suffered any harm as a result of the defendant's illegal conduct. In Abrahams v. Young and Rubicam,Inc., 240 Conn. 300, 306 (1997) (our Supreme Court stated that setting forth basic elements of CUTPA action, plaintiff must establish both that defendant engaged in a prohibited act and that, as a result of this act, plaintiff suffered an injury. See also Haesche v. Kissner, 229 Conn. 213, 224, (1994) holding that plaintiff could not establish a CUTPA violation where he failed to show that he suffered harm as a result of alleged violation. Moreover there is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff. See Ouimby v. Kimberly Clark Corp.,28 Conn. App. 670. (1992).
Rather, the plaintiff's CUTPA claim is based on explicit allegations that he was an employee of the defendant and that he suffered harm as a result of his wrongful termination.
Contrary to the plaintiffs assertions, the allegations of count three that form the basis for the CUTPA claim do not allege any conduct which reaches beyond the narrow confines of the employer-employee relationship. The specific harms the plaintiff has suffered, i.e. loss of income, benefits, pension, and ability to be gainfully employed, are all emoluments of the plaintiffs employment relationship with the defendant, and, the plaintiff specifically alleges that he suffered these harms as a result of his wrongful termination.
In Watt v. Ford Consumer Finance Co., Superior Court, judicial district of Fairfield at Bridgeport Docket No. 323572, (July 31, 1996) a case similar factually to the present action, Judge Hammer granted a motion to strike the CUTPA count because it arose from the employer-employee relationship and did not touch upon trade or commerce.
Other superior court decisions are to the same effect. See CT Page 3931Lawler v. Blazawski, Superior Court, judicial district of Tolland at Rockville, Docket No. 56909 (February 11, 1998, Hammer, J.);Smith v. Bridgeport Futures Initiative, Inc., supra, Superior Court, judicial district of Fairfield, Docket No. 326697 (August 16, 1996 Levin, J.); Carrese v. Iannotti, Superior Court, judicial district of New Haven at Meriden, Docket No. 242816 (June 29, 1993, Dorsey, J.)
Defendant's motion to strike the third count of the plaintiff's revised complaint is granted.
Jerry Wagner Judge Trial Referee